UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| VICKIE AVERY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 04-494-DCR |
| ) | |
| V. ) | |
| ) | |
| G & S VENDING, INCORPORATED, ) | |
| GARY W. ELLIOTT, GARY SEAN ) | **MEMORANDUM OPINION** |
| ELLIOT, and CHRIS DILLINGHAM, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is pending for consideration of Defendant Chris Dillingham's motion to dismiss [Record No. 41] and his amended (or second) motion to dismiss [Record No. 44]. Dillingham's original motion is based on alleged insufficient service of process and lack of subject matter jurisdiction while his amended motion argues that the action may not proceed against him due to expiration of the applicable statute of limitations. Because the Court concludes that the statute of limitations has expired for asserting some of the state law claims contained in Count V of the Plaintiff's Amended Complaint, the Court will grant Dillingham's amended motion to dismiss as to those counts. His motions will be denied in all other respects.

**I.    RELEVANT FACTS**

Avery filed this federal action on October 1, 2004, following an unsuccessful attempt to obtain relief in state court. The Complaint filed on that date names as defendants: G & S Vending, Incorporated, Gary W. Elliott, Gary Sean Elliott, and unknown defendant "John Doe."

[Record No. 1] Federal subject matter jurisdiction was asserted under Title VII, 42 U.S.C. § 2000(e)-2(a). In addition, various pendent state claims were made that the defendants violated the Kentucky Civil Rights Act (KRS Chapter 344, *et seq*.) and that their actions constituted wrongful termination, breach of contract, assault and battery, extortion, harassment, trespass and outrageous conduct.

With respect to the John Doe defendant, Avery alleged in paragraph 6 that:

> . . . the Defendant, John Doe, is an unknown defendant who violently attacked the Plaintiff at Plaintiff's residence in Williamsburg, Whitley County, Kentucky, on April 6, 2004. That a warning order attorney should be appointed to serve process on this Defendant.

[Record No. 1] Other portions of the Complaint allege that the assault by the John Doe defendant was the result of actions taken by Avery in state court after she was sexually harassed by Defendant Gary Sean Elliott and then terminated from her employment.

Paragraph 17, 22 and 23 of the Complaint contains the following allegations which are relevant to the claims made against John Doe:

> 17. That on or about January 9, 2004, Defendant Sean Elliott persistently compelled Plaintiff to come to Sean Elliott's home for assistance in filling vending machines, a task for Defendant G & S Vending, and for sexual activity, under threats of Sean Elliott "making trouble" for Plaintiff, which included threats or violence or retaliation through her job with Defendant G & S Vending. When Plaintiff arrived at Sean Elliott's home, Plaintiff was viciously attacked by Sean Elliott's dog instantly after Sean Elliott said "attack" or similar words to the dog. That as a result of the deliberate and vicious dog attack Plaintiff incurred serious physical injury, suffered physical pain, mental anguish, weakness and scarring to her hand which required medical treatment and physical therapy to her right hand. That as of the date of the signing of this Complaint, Plaintiff still experiences severe pain and loss of grip strength as a direct result of the attack.

\* \* \*

>    22. That on or about March 8, 2004, Plaintiff filed a petition for the issuance of an emergency protective order against Defendant Sean Elliott with the Knox District Court (see attached emergency protective order entered March 8, 2004, *Vickie Avery v. Gary Sean Elliott, Knox District Court action no. 04-D-00043-001*).
>
>    23. That on April 6, 2004, while the Knox District Court emergency protective order entered March 8, 2004, was still in full force and effect, and after Sean Elliott was served the emergency protective order was still in effect, and after a hearing, Defendant John Doe, an unknown man, traveled in interstate commerce, and broke into Plaintiff's residence by forcing open her front door, and proceeded to violently attack Plaintiff, punching her about the face and neck, grasping her arms violently and telling her "You better drop the E.P.O.", referring to the above-referenced emergency protective order.  That Defendant Sean Elliot conspired and commissioned the violent attack upon Plaintiff.  That as a direct result of the above attack, Plaintiff was severely injured, suffering cuts lacerations and contusions about her face, head, neck and arms.  That the Plaintiff has suffered severe emotional distress as a result of this felonious attack.

[Record No. 1]

Following service of process on the identified defendants, a hearing was scheduled to consider the Avery's request for injunctive relief.  However, at the time of this hearing, the parties agreed to the entry of an Agreed Temporary Restraining Order which enjoined the defendants from having any contact with the plaintiff or her family members, pending a hearing on December 9, 2004. [Record No. 8] The parties later agreed to extend this relief through an Agreed Order Granting Injunction. [Record No. 12]

A telephonic conference was held with the Magistrate Judge on June 14, 2005.  The Order entered following this conference indicates that, during the week before the conference, plaintiff's counsel had "learned the identity of the named 'John Doe' defendant, and, therefore, he anticipates filing a motion to add that named party." [Record No. 25] Avery's counsel moved to file an Amended Complaint on July 26, 2005, and sought injunctive relief with respect to the

newly identified John Doe defendant. [*See* Record Nos. 26 and 27][1]  The Amended Complaint tendered with Avery's motion identifies Chris Dillingham as the individual responsible for the assault allegedly occurring March 8, 2004. [*See* Amended Complaint, ¶ 24.]

A hearing on Avery's motion for a temporary restraining order to prohibit Defendant Dillingham from contacting or communicating with the plaintiff was scheduled for August 1, 2005. On that date, the Court granted the plaintiff's request for a temporary restraining order and scheduled a hearing on her motion for a preliminary injunction on August 10, 2005, to allow service of process to be completed over the newly-added defendant. [Record No. 31]

Initially, the plaintiff attempted to serve a person identified as Chris Dillingham who resided in Bowling Green, Kentucky. [*See* Record No. 33; attachment.] However, counsel subsequently determined that the person identified as the John Doe defendant resided in Rockcastle County. This individual was notified of the pending action and appeared without representation at the hearing held August 10, 2005. Following presentation of evidence, the Court issued a preliminary injunction to prevent Dillingham from having contact with Avery. [Record No. 35]

## II.     The Initial Motion to Dismiss

Dillingham filed a motion to dismiss and answer on August 18, 2005. In support of his motion to dismiss, the defendant asserted that the Court lacked jurisdiction over him because the claims relating to him arose under state law and not under the constitution, laws or treaties of the United States. According to Dillingham, "the factors necessary to apply the doctrine of pendent

---

[1]     Avery's motion to amend was granted July 28, 2005. [Record No. 29] Summons for service of process on Defendant Dillingham was issued pursuant to the Court's Order entered that date.

party jurisdiction are not present here, and therefore this matter should be dismissed for lack of jurisdiction." [Record No. 40/41] The Court notes that Dillingham's counsel failed to file a memorandum of authorities supporting his motion as required by the Local Rules for the United States District Courts for the Eastern and Western Districts of Kentucky.

The plaintiff responded to Dillingham's initial motion to dismiss, asserting that the claims asserted against him were pendent state law claims which are directly related to the claims of sexual harassment committed by the co-defendants. In summary, she asserted that,

> general federal question jurisdiction has been pleaded and proven, specific jurisdiction has been pleaded and proven, pendent jurisdiction over the actions of Defendant Chris Dillingham has been pleaded and proven, and service of process on Defendant Chris Dillingham has occurred.

[Record No. 42] Like the defendant, however, Avery failed to provide any legal authority in support of her position.

In addressing this issue, the Court notes that when a federal district court has jurisdiction over a substantial federal claim, the court also has discretion to exercise pendent jurisdiction over any associated state claims arising out of the same common nucleus of operative fact, and over any additional parties asserting them. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988);*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); Wright & Miller, *Federal Practice and Procedure* § 3567.2. Because the claims that have been asserted against Dillingham are inextricably intertwined with the claims asserted against the remaining defendants and arise out of the same nucleus of operative facts, the motion to dismiss will be denied on the grounds

asserted in the defendant's initial motion.[2] To avoid possibly conflicting results and to prevent waste of judicial resources, the Court will exercise its pendent jurisdiction over the claims asserted against Defendant Dillingham.

### III. The Second Motion to Dismiss

Dillingham filed an Amended Answer and Motion to Dismiss on September 1, 2005, purported pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. [Record No. 44] The defendant's second motion asserts that the claims against him should be dismissed because the plaintiff's state law claims are barred by the applicable one year statute of limitations. KRS 413.140. Unlike his original motion, the second motion to dismiss was accompanied by a supporting memorandum.

According to Dillingham's memo, the Amended Complaint alleges that his wrongful actions occurred on or before April 6, 2004. However, he was not substituted in place of the John Doe defendant until July 26, 2005. Thus, he contends that the claims against him do not relate back under Rule 15 (c)(3) of the Federal Rules of Civil Procedure and this Court's holding in *Ford v. Hill*, 874 F.Supp. 149 (E.D.Ky. 1995). The Court believes the holding in *Ford*, *id*., is dispositive of some of the claims raised in this action but not others. As to those causes of action having a one year statute of limitations, Dillingham's motion will be granted.

---

[2] Dillingham has also moved to dismiss the action against him because, he claims, the *original* complaint was not served. [Record No. 40] Again, Dillingham's counsel has failed to cite any authority for the proposition that service of an original complaint is required where, as here, all substantive claims are contained in an amended complaint which *is* served in accordance with the federal rules. While the Court will deny the defendant's motion, Avery will be directed to serve Dillingham with a copy of the original complaint within ten (10) days of the entry of this Memorandum Opinion and Order.

*Ford, id.*, involved a fatal shooting during an arrest conducted by members of the Cumberland Police Department, the Harlan County Sheriff's Department and the Kentucky State Police on December 2, 1992. One year later (on December 2, 1993) the parents of the decedent filed suit against the Kentucky State Police and unknown Kentucky State Troopers. Thereafter, the Court granted the Kentucky State Police Department's motion to dismiss and directed the plaintiffs to "identify unknown defendants, file and Amended Complaint, and serve said individuals with process" by July 3, 1994. The plaintiffs responded by naming officers Hill, Providence and Crafton as defendants. Although the original complaint did not allege any claims for supervisory liability, the amended complaint asserted claims under such a theory against Defendant Providence. These newly-added defendants then moved to dismiss on statute of limitations grounds.

After determining that the plaintiff's could assert claims within one year of the date of the administrator's appointment (October 8, 1993), the Court concluded that the initial action was timely filed. *Id.* at 152. Next, the Court considered whether the amended complaint asserting claims against the officers would relate back to the filing of the original complaint under Rule 15 (c) of the Federal Rules of Civil Procedure. In examining this issue, the Court noted that,

> Four requirements must be satisfied for an amendment to relate back to the date of the original filing: (1) the claim sought to be amended arose out of the conduct or occurrence alleged or attempted to be alleged in the original complaint; (2) the party to be added received such notice that he will not be prejudiced in defendant on the merits; (3) the party to be added knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him; and (4) the second and third requirements were satisfied within the period provided for service of the summons and complaint.

*Id.* at 152.

In examining these requirements in the context of the facts presented, the Court commented that the initial complaint contained no allegations regarding supervisory liability or improper supervision. Further, Defendant Providence's name was referenced in only one paragraph. Thus, while the identity of at least one defendant was known at the time the original complaint was filed, claims were not asserted against him or the other individuals who were subsequently added.

Applying the above-referenced criteria, the Court concluded that the claim sought to be asserted against Providence did not arise out of the conduct alleged in the original complaint. Further, while this defendant may have received notice sufficient to avoid prejudice to him, he did not receive such notice until after the statute of limitations (and after the time for service under Rule 4(m)) had expired. In addition, even if Providence had received notice of the action within the prescribed statutory period, he would not have known that the action was being brought against him. Thus, the amended complaint did not relate back to the original filing with respect to Providence. *Id.* at 153.

With respect to Defendants Hill and Crafton, the Court concluded that the claims contained in the initial complaint were identical to those asserted against these defendants in the amended pleading. Thus, the central focus was whether naming a John Doe defendant initially could constitute a "mistake concerning the identity of the proper party" under Rule 15 (c)(3). Relying on *Wilson v. United States*, 23 F.3d 559, 563 (1st Cir. 1994), and *Worthington v. Wilson*,

8 F.3d 1253, 1256 (7th Cir. 1993), the Court held that allowing the amended complaint to relate back to the date of the original filing would be erroneous.

> In this case, plaintiffs initially lacked knowledge of the proper defendants and elected to file their complaint against "unknown officers." Because Rule 15(c)(3) applies only where there has been an error concerning the identity of the proper party rather than where, as here, there is a lack of knowledge of the proper party, the amended complaint in this case does not relate back to the filing of the initial complaint. Accordingly, plaintiffs' individual claims against defendants Crafton and Hill are barred by the one-year statute of limitations.

*Id.* at 154.

Like defendants Crafton and Hill, in the present case Plaintiff Avery lacked knowledge that Defendant Dillingham was the proper party. At best, the error concerning his identity for purposes of Rule 15 did not occur until Avery attempted to serve another person with the same name in Bowling Green, Kentucky. However, by this date, the applicable one year statute of limitations had already expired. Therefore, the error in identity is of no consequence.

Having determined that the claims contained in the Amended Complaint do not relate back to the date of filing of the original Complaint, the Court must determine which claims will be barred. After reviewing Count 5 of the Amended Complaint, it would appear that a factual basis has been asserted for claims of assault and battery, trespass and outrageous conduct (*i.e.*, the tort of outrage) under Kentucky law. The remaining claims contained in this count (extortion and harassment) would appear to relate to the conduct of the co-defendants. And while the one year statute of limitations contained in KRS § 413.140(1)(a) is applicable to claims of assault and battery, that statutory section does not apply to the remaining claims of trespass and outrageous conduct. With respect to those claims, a five year statute of limitations will be

applied. *See Resthaven Memorial Cemetery, Inc. v. Volk*, 286 Ky. 291, 150 S.W.2d 908, 911 (Ky. App. 1941) (one year statute of limitations applicable to claims of assault and battery); *Craft v. Rice*, 671 S.W.2d 247, 249-51 (Ky. 1984) (five year statute of limitations applies to the tort for outrage or outrageous conduct); *Hoskins' Administrator v. Kentucky Ridge Coal Company*, 305 S.W.2d 308, 309(Ky. 1957) (five year statute of limitations contained in KRS § 413.120(4) applies to actions for trespass to real or personal property). Therefore, only Avery's claims of assault and battery asserted against Dillingham will be dismissed by virtue of the expiration of the one year statute of limitations.

## II.    CONCLUSION

For the reasons discussed herein, it is **ORDERED** as follows:

1.    Defendant Dillingham's motion to dismiss filed September 1, 2005 [Record No. 44] is **GRANTED** with respect to the claims of assault and battery contained in Count 5 of the Amended Complaint. Those claims are hereby **DISMISSED**, with prejudice. The motion will be **DENIED** as to all other claims asserted against Defendant Dillingham.

2.    Defendant Dillingham's original motion to dismiss [Record No. 41] is **DENIED**. However, the Plaintiff is directed to serve Dillingham with a copy of the original Complaint within ten (10) days of the entry of this Memorandum Opinion and Order.

This 19th day of September, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge